UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ARMANDO ARCE,

        Plaintiff,

    v.                                                      17-CV-696-LJV
                                                                AMENDED ORDER
CHAUTAUQUA FAMILY COURT, *et al.*,[1]

        Defendants.

---

## ORDER

On July 25, 2017, the *pro se* plaintiff, Armando Arce, filed a complaint under 42

U.S.C. § 1983, raising claims that stemmed from various proceedings in the

Chautauqua County Family Court involving the custody of his son.  Docket Item 1.  On

September 17, 2019, this Court dismissed Arce's complaint against defendants

Magistrate David L. Turnbull, Magistrate Michael K. Bobseine, the Honorable Michael

---

[1] On March 19, 2021, Arce moved to correct the case caption from Arce v. Judge David L. Turnbull, *et al.*, to Arce v. Chautauqua Family Court, *et al.*  Docket Item 58.  A case caption "is normally not determinative of the identity of the parties or of the pleader's statement of claim.  Where a party has actual notice of a suit and is correctly identified in the body of the complaint, courts have typically held that an error in the caption is a technical defect."  *Nationwide Mut. Ins. Co. v. Kaufman*, 896 F. Supp. 104, 109 (E.D.N.Y. 1995) (citations omitted).  Nonetheless, "[c]ourts generally will allow an amendment under Rule 15 to correct technical defects in the caption."  *Hernandez-Avila v. Averill*, 725 F.2d 25, 27 n.4 (2d Cir. 1984) (quoting 5C. Wright & A. Miller, Federal Practice & Procedure § 1321, at 461 (1969)).  Arce's motion to correct the technical defect in the caption therefore is granted.  This change, however, does not affect the outcome of this case.  Arce's motion for reconsideration under Rule 60(b) is denied and this case shall remain closed.

Sullivan, the Honorable Michael F. Griffith, the Eighth Judicial District, and the

Chautauqua County Family Court because of their absolute immunity from suit; this

Court also dismissed Arce's remaining claims—against defendant Chautauqua

County—because Arce failed to allege the personal involvement of that defendant and

therefore failed to state a claim against it.  *See* Docket Item 39.[2]

On July 21, 2020, Arce submitted a letter, Docket Item 46, which this Court

construed as a motion for relief from judgment under Rule 60(b) of the Federal Rules of

Civil Procedure, Docket Item 47.  That motion was denied because Arce failed to

demonstrate that any of the grounds for relief under Rule 60(b) applied to his case.  *Id.*

On August 14, 2020, Arce filed a second motion for relief from judgment under Rule

60(b)—specifically Rules 60(b)(1), (b)(2), and (b)(3).  Docket Item 51.  That motion

again was denied because Arce failed to demonstrate that he was entitled to the relief

he requested.  Docket Item 52.

Arce now has moved a third time for relief from judgment under Rule 60(b).

Docket Item 56.  More specifically, Arce argues that he is entitled to relief from judgment

under Rule 60(b)(4) because this Court "was in complete absences [sic] of all subject

matter [jurisdiction] to transfer subject matter jurisdiction over custody and visitation to

the Support Magistrates."  *Id.* at 9.  Arce also suggests this Court's bias because "Judge

Vilardo was sued" in *Juste v. Vilardo*, 6:17-CV-06842-EAW (W.D.N.Y. Jan.11, 2018),

"and was found to have [a]bsolute [j]udicial [i]mmunity."  *Id.* at 6.

---

[2] Arce filed several amended complaints.  *See* Docket Item 5 (first amended complaint filed January 29, 2018); Docket Item 6 (second amended complaint filed February 20, 2018); Docket Item 14 (third amended complaint filed August 6, 2018); Docket Item 23 (fourth amended complaint filed November 5, 2018).  All claims raised in the original and amended complaints were dismissed.  *See* Docket Item 39.

A judgment is void under Rule 60(b)(4) "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law."  *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 193 (2d Cir. 2006) (citations omitted).  In finding the judicial defendants immune from suit, this Court did not "confer" subject matter jurisdiction on the judicial defendants.  Rather, the Court found that, taking all the facts alleged in the complaint and the amended complaints as true, Arce failed to "plausibly allege facts that permit the court to draw the reasonable inference that any of the judicial defendants acted in the clear absence of all jurisdiction."  *See* Docket Item 39 at 8.  And this Court certainly had jurisdiction over Arce's complaint, *see* 28 U.S.C. 1331 (conferring on federal courts jurisdiction to hear cases which "aris[e] under" federal law), and to determine whether the defendants were immune from suit, *see F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (explaining that immunity is a jurisdictional issue); *Cruz v. Sullivan*, 802 F. Supp. 1015, 1016 (S.D.N.Y. 1992) ("[T]he [C]ourt has, of course, clear jurisdiction to determine its jurisdiction.").

Moreover, this Court has considered Arce's suggestion of bias.  *See* Docket Item 56 at 6.  The fact that absolute judicial immunity protects this Court, and that the undersigned has been sued and found to be immune from suit, had and has no bearing or influence on this Court's decision in this or any other case involving judicial immunity.

Arce's motion therefore is denied.

This Court does not doubt Arce's unhappiness with, or the difficulty that he has experienced, being separated from his son.  And this Court understands the depth of the emotions that a parent might experience being separated from a child.  But Arce simply cannot recover damages from a judge or a court for decisions that he is unhappy

3

about no matter how unhappy he is or how strong his feelings are.  If Arce disagrees

with this order, he may appeal it to the United States Court of Appeals for the Second

Circuit.

SO ORDERED.

Dated:   March 29, 2021
              Buffalo, New York


_____
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE