UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ARMANDO ARCE,

        Plaintiff,

        v.                                 17-CV-696-LJV
                                        DECISION & ORDER

CHAUTAUQUA FAMILY COURT, *et al.*,

        Defendants.
_____

On July 25, 2017, the *pro se* plaintiff, Armando Arce, filed a complaint under 42 U.S.C. § 1983, raising claims related to custody proceedings in the Chautauqua County (New York) Family Court. Docket Item 1. After Arce amended his complaint several times, *see* Docket Items 5-6, 14, 23, this Court dismissed Arce's claims, *see* Docket Item 39. The Court explained that one defendant, Chautauqua County, had nothing to do with the custody decision and that the others, the family court and judges on that court, were immune from suit. *See id.* Arce then filed several motions for relief from judgment under Federal Rule of Civil Procedure 60(b), Docket Items 46, 51, and 56, and this Court denied each of those motions, Docket Items 47, 52, and 61.

On February 22, 2022, Arce again moved for relief from judgment under Rule 60(b).[1] Docket Item 65; *see* Docket Items 66-67. He also has moved for this Court's

---

[1] Arce has appealed several of this Court's orders to the United States Court of Appeals for the Second Circuit. *See* Docket Items 41, 53, 59, 69. Each time Arce appealed, the Second Circuit dismissed the appeal or affirmed this Court's judgment. Docket Items 49, 55, 64, 73.

recusal. Docket Item 66 at 3-4. For the reasons stated below, Arce's motions for relief from judgment and recusal are denied.

## DISCUSSION

Under Rule 60(b), a court "may relieve a party . . . from a final judgment" for various reasons, including "mistake, inadvertence, surprise, [] excusable neglect," or "any other reason that justifies relief."

Arce argues that he is entitled to relief from judgment on several grounds. This Court addresses each in turn.

### I.   ALLEGATIONS OF BIAS

As a threshold matter, Arce moves for recusal and argues that this Court is biased against him. Docket Item 66 at 3-4. He suggests that he is entitled to relief from judgment for the same reason. *Id.*

A judge shall recuse himself "in any proceeding in which his impartiality might reasonably be questioned" and in any proceeding "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455. "[R]ecusal motions are committed to the sound discretion of the district court." *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992) (citation omitted).

Arce says that this Court and courts in general are biased against "poor" *pro se* litigants. Docket Item 66 at 3-4. This Court certainly holds no such bias, so that is not a basis for recusal. Arce also argues that this Court has a "personal/professional relationship" with "the Erie Bar and University of Buffalo," as well as New York State

2

Supreme Court Justice Paula L. Feroleto. *Id.* But the Erie County Bar Association, the University of Buffalo, and Justice Feroleto are not defendants in this action, so this Court is unsure of their relevance to Arce's motions.[2] In any event, Arce's arguments provide no basis for either recusal or relief from judgment.

## II.    MISSING DOCUMENT

Arce says that he is entitled to relief from judgment because his "response to the defendants' motion to dismiss is missing from the record and this [C]ourt's decision." Docket Item 65 at 2.

In 2018, the defendants filed two motions to dismiss: one by Chautauqua County, Docket Item 18, and one by the other defendants, Docket Item 20. It seems that the Clerk of the Court inadvertently failed to docket Arce's response to Chautauqua County's motion to dismiss. *See* Docket Item 66 at 1 ("I mailed all parties my responses to the defendants' motions to dismiss. Two documents, one unique to the State defendants and one unique to the County defendants[,] were sent to the clerk to be filed. My response to the [C]ounty was not electronically filed with its counterpart Dkt 21.").

Arce's response to Chautauqua County's motion to dismiss should have been docketed. But that response—which Arce attached to his motion for relief from judgment, Docket Item 65 at 11-33—would not have changed the Court's analysis. The Court dismissed Arce's section 1983 claims against Chautauqua County because the

---

[2] Arce suggests that Justice Feroleto has "deflect[ed] lawsuits against bad judges," including Family Court Support Magistrates. Docket Item 66 at 4. While he notes that he has "kept her informed," Arce does not explain what information he provided to Justice Feroleto or otherwise explain her relevance to this action. *Id.*

County itself was not personally involved in the Chautauqua County Family Court proceedings at issue here. Docket Item 39 at 10-11. Arce's response does not suggest otherwise. *See* Docket Item 65.

Arce therefore is not entitled to relief from judgment on the ground that the Court did not consider his response to Chautauqua County's motion to dismiss.

### III.   EFFECT OF THE FOURTH AMENDED COMPLAINT

Next, Arce argues that his fourth amended complaint—which he filed after the defendants moved to dismiss the action—"moot[ed] the motion[s] to dismiss." Docket Item 66 at 2. But an amended complaint does not automatically moot a pending motion to dismiss; rather, "the court may deny the motion as moot or consider the merits of the motion in light of the amended complaint." *Cole v. Stephen Einstein & Assocs., P.C.*, 365 F. Supp. 3d 319, 325 (W.D.N.Y. 2019) (alterations and citation omitted).

When it dismissed this action, this Court considered the merits of the defendants' motions in light of Arce's several amended complaints, including the fourth amended complaint. *See* Docket Item 39 at 2 n.2 (noting that the fourth amended complaint "still fail[ed] to state a claim"); *id.* at 8 (evaluating the allegations in both the third and fourth amended complaints); *id.* at 11 ("But notwithstanding his four amended complaints, Arce fails to plead any facts . . . supporting his conclusory allegations . . ."). Arce's argument that his fourth amended complaint rendered the motions to dismiss moot therefore is not a basis for relief from judgment.

### IV.   OTHER BASES FOR RELIEF FROM JUDGMENT

Arce makes three additional arguments in his motion.

4

First, he argues that he is entitled to relief from judgment because this Court "failed to address any of [his] facts." Docket Item 65 at 3. He cites Federal Rule of Civil Procedure 52(a), which provides that "[i]n an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately." Docket Item 65 at 3. But Rule 52(a) does not apply here because Arce's case was not "tried."

Second, Arce argues that this Court "heavily altered" his allegations to "remove[] any context" and "exclude[] the actual details of the events." Docket Item 65 at 3-4. The Court has reviewed Arce's complaints, his other papers, and the Court's previous decisions and finds that characterization to be incorrect. In fact, Arce complains only about minor typographical alterations.[3] Those alterations are immaterial to the outcome of this action and therefore are not a basis for relief from judgment.

Finally, Arce says that this Court "inexplicably changed [his] case captioning/title without giving notice and the opportunity to be heard in opposition." Docket Item 66 at 3. And after the Court changed the caption, Arce says, he "did not have the opportunity to have [his] pleadings and submissions docketed and filed." *Id.* Arce seems to refer to the order granting his motion to correct the case's caption. *See* Docket Item 61. As this Court noted in that order, the change to the caption "does not affect the outcome of this case." *Id.* at 1 n.1; *see also Nationwide Mut. Ins. Co. v. Kaufman*, 896 F. Supp. 104, 109 (E.D.N.Y. 1995) (explaining that errors in the caption are "technical defect[s]"). And

---

[3] For example, Arce notes that when he wrote "because the defendant lacked subject matter jurisdiction," this Court wrote "[B]ecause [those judges] lacked subject matter jurisdiction." Docket Item 65 at 3 (citing Docket Items 23, 39). The other alterations he highlights are similar in nature. *See id.* at 3-4.

it appears that Arce has not had trouble filing papers, regardless of the action's caption. So any amendment to the caption in this case is not a basis for relief from judgment.

## CONCLUSION

As this Court has said before, the Court understands Arce's unhappiness with the custody decisions made by the judges of the Chautauqua County Family Court, and it does not doubt the difficulty that he has experienced being separated from his son. Moreover, the Court appreciates the depth of the emotions that a parent might experience being separated from a child. But Chautauqua County was not involved in the family court proceedings, the other defendants are immune from suit, and Arce is not entitled to damages from a judge or a court for decisions that he is unhappy about no matter how unhappy he is or how strong his feelings are.

For the reasons stated above, Arce's motion for relief from judgment, Docket Item 65, and motion for recusal, Docket Item 66 at 3-4, are DENIED. And if Arce disagrees with this decision and order, he again may appeal to the United States Court of Appeals for the Second Circuit.

SO ORDERED.

Dated: September 25, 2023
        Buffalo, New York

                                            */s/ Lawrence J. Vilardo*
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE